Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

Civil Division

| | |
|---|---|
| Antonio Carraway | Case No. **20–14455–CIV–CANNON/MAYNARD** |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| **-v-** | |
| Ben Carson, Secretary Department of Housing and Urban Development, Janet Dhillon, Chair EEOC | |
| *Defendant(s)* | FILED BY _____ D.C. |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | DEC 1 6 2020 |
| | ANGELA E. NOBLE CLERK U.S. DIST. CT. S. D. OF FLA. - FT. PIERCE |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Antonio Carraway |
| Street Address | 290 NW Peacock # 880174 |
| City and County | Port Saint Lucie |
| State and Zip Code | Florida 34986 |
| Telephone Number | (201) 564-5449 |
| E-mail Address | tcgold@gmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Ben Carson |
| Job or Title *(if known)* | Secretary, Department of Housing and Urban Development |
| Street Address | 451 7th Street S.W., |
| City and County | Washington, DC |
| State and Zip Code | 20410 |
| Telephone Number | (202) 708-1112 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Victoria Cabrera |
| Job or Title *(if known)* | Director Operational Risk |
| Street Address | 451 7th Street S.W., |
| City and County | Washington, DC |
| State and Zip Code | 20410 |
| Telephone Number | (202) 276-3358 |
| E-mail Address *(if known)* | victoria.p.cabrera@hud.gov |

Defendant No. 3

| | |
|---|---|
| Name | Roy Hormuth |
| Job or Title *(if known)* | Director Single Family Housing |
| Street Address | 451 7th Street S.W., |
| City and County | Washington, DC |
| State and Zip Code | 20410 |
| Telephone Number | |
| E-mail Address *(if known)* | roy.r.hormuth@hud.gov |

Defendant No. 4

| | |
|---|---|
| Name | Dana Wade |
| Job or Title *(if known)* | Assistant Secretary of Housing-Federal Housing Commissioner |
| Street Address | 451 7th Street S.W., |
| City and County | Washington, DC |
| State and Zip Code | 20410 |

Carraway v. HUD, Et.Al.

Defendants:

1. Ben Carson, Secretary
   U.S. Department of Housing and Urban Development
   451 7th Street, SW Suite 2106
   Washington, D.C. 20410
2. Victoria Cabrera
   U.S. Department of Housing and Urban Development
   451 7th Street, SW Suite 2106
   Washington, D.C. 20410
3. Roy Hormuth
   U.S. Department of Housing and Urban Development
   451 7th Street, SW Suite 2106
   Washington, D.C. 20410
4. Dana Wade, Assistant Secretary of Housing-Federal Housing Commissioner
   U.S. Department of Housing and Urban Development
   451 7th Street, SW Suite 2106
   Washington, D.C. 20410
5. Janet Dhillon, Chair
   Equal Opportunity Employment Commission
   131 M Street, NE
   Fourth Floor, Suite 4NWO2F
   Washington, DC 20507-0100
6. James Lewis
   Equal Opportunity Employment Commission
   131 M Street, NE
   Fourth Floor, Suite 4NWO2F
   Washington, DC 20507-0100

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

|  |  |
|---|---|
| Telephone Number | (202) 679-3926 |
| E-mail Address *(if known)* | dana.wade@hud.gov |

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Department of Housing and Urban Development |
| Street Address | 451 7th Street S.W., |
| City and County | Washington, DC |
| State and Zip Code | 20410 |
| Telephone Number | (202) 708-1112 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*:

    5 U.S. Code § 2302 - Prohibited personnel practices

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☒    Failure to hire me.

☐    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☐    Retaliation.

☒    Other acts *(specify)*:    Deceive, Obstruct, influence any person to withdraw from competition for any position

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

August 8, 2014, November 16, 2016, June 20, 2018

C.    I believe that defendant(s) *(check one)*:

☒    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☒    race

☒    color    _____

☐    gender/sex

☐    religion

☐    national origin

☒    age *(year of birth)*    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

Mobility Disability

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

This is an employment-related action for violations of the Plaintiff's civil rights by federal employer, the Department of Housing and Urban Development, Agencies Assistant Secretary of Housing-Federal Housing Commissioner, Government National Mortgage Association, and the Equal Opportunity Employment Commission, and under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and 5 U.S. Code § 2302 - Prohibited personnel practices. The employer engaged unlawful employment discrimination in violation of Title VII by engaging in discriminatory and retaliatory acts against the Plaintiff for his race, color, age, known disability participation, and his participation in protected activity. The employer also deceive, obstruct, influenced plaintiff to withdraw from competition for positions, and deceive, obstruct, influence plaintiff from competition for position of Asset manager. As punishment for engaging in protected activities plaintiffs denied promotion opportunities in violation of in that investigation and the related Equal Employment Opportunity Commission proceedings, the Plaintiff has suffered reprisals, including a purposeful failure to promote the Plaintiff to a positions for which plaintiff was plainly qualified. EEOC employee James Lewis violated Ttitle VII of the Civil Rights Act of 1964 and a5 U.S. Code § 2302 - Prohibited personnel practices by threatening, intimidating and refusing to follow agency guidelines to grant plaintiff a requested hearing before EEOC. The acts of defendants denies plaintiff equal opportunity rights to employment, and permanently harms plaintiff thru loss of income, experience, and right to fair and equal employment opportunities by it's acts which violate the aforementioned laws. The Plaintiff herein hereby demands a trial by jury on all issues in this action. WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant.
(See Attached EEOC Complaint Supplements)

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

September 10, 2014 - HUD-000112-2014/EEOC Discrimination Complaint Against James Lewis

B.     The Equal Employment Opportunity Commission *(check one)*:

⊠     has not issued a Notice of Right to Sue letter.

⊠     issued a Notice of Right to Sue letter, which I received on *(date)*     9/17/2020         .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

⊠     60 days or more have elapsed.

☐     less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The Plaintiff is entitled to relief under Title VII for his employer's unlawful discriminatory conduct and reprisal retaliation, including but not limited to for the Employer's disparate treatment of the Plaintiff for engaging in protected activities of filing EEO complaint.

Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant and direct the following relief:

a.      For a money judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest thereon;
b.      For a money judgment representing liquidated damages for the Defendants' willful violations of Title VII, and any related statutes, regulations and rights;
c.      For a money judgment representing prejudgment interest;
d.      For an Order directing the Defendant to promote the Plaintiff to the position of GS-15 in an acceptable positon within the Agencyy, with back pay and benefits;
e.      In the alternative to the relief requested in preceding subparagraph, for an Order directing the Defendant pay the Plaintiff front pay for those wages he would be receiving if he had been properly considered for promotion to Asset Manager, along with back pay, within grade increases, retirement contributions, and compensation for monetary loss permitted under the law.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case−related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          12/15/2020

Signature of Plaintiff

Printed Name of Plaintiff      Antonio Carraway

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**B.**     **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960 Washington, DC  20013-8960

Agency Case # HUD-00112-2014
EEOC Case # 570-2016-008888X

**Supplemental Statement:**

The complainant is a veteran who honorably served this country during a time of war and met the statutory requirement of establishing discriminatory practice by demonstrating that officials within the Department of Housing and Urban Development committed prohibited personnel practices by discouraging an applicant for a federal vacancy to compete and engaged in discriminatory practices by requesting that the complainant who was referred as one of the best qualified candidates for two (2) positions remove their name from consideration. Complainant is a member of a protected class and has applied for over one hundred (100) federal positions, most with HUD and never sought to file a complaint of discrimination until two (2) officials within a span of thirty (30) days with the Department of Housing and Urban Development's Office of GINNIE Mae asked the complainant to remove his name from consideration and told complainant that he was not the "right fit" for the positions. The complainant who is black was discriminated against by management officials who were white. These officials further discriminated against complainant by refusing to offer the same opportunity for interview options that were offered to white applicants. Officials of the agency did not afford complainant the same opportunity for interview offered white candidates which constituted race-based discrimination in violation of Title VII of the Civil Rights Act of 1964. These facts were ignored by James Lewis, a white EEOC official, who is also the subject of a discrimination complaint filed by the complainant due to racial discrimination and bias in his conduct during the EEOC scheduling proceedings. James Lewis demonstrated clear racial bias against the complainant by scheduling and failing to show for scheduled conferences, subjected complainant to discriminatory treatment by denying complainant a requested hearing, intimidation, retaliation, and threats during the proceedings in violation of Title VII of the Civil Rights Act of 1964 with a discriminatory intent to deny complainant's right to a fair hearing process of the complaints before the EEOC. James Lewis actions were a deliberate and calculated race-based attempt to abuse his position and discriminate against a complainant in an EEOC proceeding by improperly and illegally denying complainant his right to a fair hearing before the Commission. After receiving notice that he was the subject of a discrimination complaint because of his abusive and discriminatory conduct during the proceedings, James Lewis demonstrated and voiced a complete lack of regard after receiving notice from the complainant of the complaint, was successful in concealing his discriminatory actions from EEOC officials, refused to remove himself from the complaint proceedings, and with malice and forethought denied complainant a requested hearing, and issued a ruling against the complainant because of his race and in retaliation for the complainant's protected activity and right to file a complaint of discrimination.

This case before the EEOC involved discriminatory practices by officials of the Department of Housing and Urban Development, GINNIE MAE employees who committed prohibited personnel practices of requesting a highly qualified black male applicant to remove their name from consideration for two (2) positions in separate offices within GINNIE MAE identified below:

1.  Job Title: Senior Operational Risk Analyst – On or about August 8, 2014
    Department: Department of Housing and Urban Development

Agency: Government National Mortgage Association (Ginnie Mae)
Job Announcement Number: 14-HUD-586P
Hiring Manager: Victoria Cabrera

2.  Job Title: Account Executive (Mortgage Backed Securities) – On or about August 1, 2014
Department: Department of Housing and Urban Development
Agency: Government National Mortgage Association (Ginnie Mae)
Job Announcement Number: 14-HUD-289P
Hiring Manager: Reported to HUD HR 08/25/2014 Staff would not release manager's name.

Both GINNIE MAE hiring managers requested that I remove my name from consideration. Yet both attempted to mask their discriminatory efforts by refusing to offer me an option to interview by phone as other applicants had. The request to remove my name from the lists for consideration by both hiring officials constituted a "prohibited personnel practice" of discouraging an applicant from applying for or competing for a position. I was the "only" individual who was specifically asked to remove my name from consideration for both positions advertised within Ginnie Mae.

On or about March 13, 2017 an amended complaint of discrimination was filed with the Agency 17-HUD-86P regarding a practice by the Agency's Office of Housing where complainant was referred amongst the best qualified candidates for a position but officials discriminated against during the interview process and only offered one (1) available date for interview; which differed from what was offered to other candidates in reprisal for the complainants prior protected complaints activity:

1.  Job Title: Asset Management Division Director, Denver Field Office Announcement Number: 17-HUD-86-P Agency: Assistant Secretary of Housing-Federal Housing Commissioner Department: Department of Housing and Urban Development
Responsible Agency:   Assistant Secretary of Housing-Federal Housing Commissioner
Responsible Department: Department of Housing and Urban Development
Responsible Official: Julian Castro, Secretary

The Agency failed and refused to process the complaint filed on March 13, 2017 for over one (1) year in violation of federal law and EEOC guidelines.

On March 6, 2018 Complaint received an Order of Acknowledgement and Scheduling of Initial Teleconference for EEOC No. 570-2016-00888X. EEOC further acknowledged receipt of the Complainant's request for a hearing.  29 C.F.R. § 1614.109 and Chapter 7 of EEOC Management Directive 110, August 5, 2015 (EEO MD-110) govern the conduct of hearings on March 14, 2018. COMPLAINANT WAS DENIED THE REQUESTED HEARING UNDER 29 C.F.R. § 1614.109 NEVER OCCURRED.

On March 14, 2018, James Lewis, ALJ assigned to oversee this case was advised that the agency failed and refused to process a timely filed amended complaint of discrimination 17-HUD-86-P filed on March 13, 2017 with the Agency, involving the Agency's Office of Housing. James Lewis permitted the Agency to complete a rushed investigation and did not subject the Agency to any sanctions as provisioned under EEOC guidelines and demonstrated clear bias towards the agency and against the complainant by waiving without penalty or sanction their clear violation of statutory requirements for timely processing a complaint of discrimination. James Lewis continued to show bias towards the agency and against

complainant by not requiring the agency to provide complainant access to FEDSEP for viewing documents relevant to the proceedings.

James Lewis failed to appear for a scheduled conference on Monday, June 7, 2018 at 2 pm EST. Both the agency's representative and the complainant were waiting on a teleconference line, but James Lewis never showed or provided notice that the conference required rescheduling, demonstrating a lack of respect or regard for the proceedings.

James Lewis then notified the complainant that he would be available on Thursday June 14, 2018 11am-12:30pm and from 2:30-5:30pm. Complainant promptly notified James Lewis that he would be available at 11 am on Thursday, June 20, 2018. The agency's representative also confirmed their availability at the same time. James Lewis responded stating he was no longer available at 11 am after offering it for a scheduled conference, again denying complainant the right to a fair process.

James Lewis began proposing conference times at 4:30 pm in the evenings which was after duty hours for most federal employees and the complainant. Complainant requested a time before 4 pm and James Lewis refused and scheduled a time on a day when complainant was not working demanding his participation.

On Thursday June 14, 2018 James Lewis then demanded complainant provide a written explanation why complainant was unable to attend on a scheduled off day when complainant, a disabled veteran was receiving treatment and threatening sanctions against the complainant. This constituted blatant discriminatory behavior by James Lewis, an EEOC official against a complainant.

On June 20, 2018, and June 27, 2018, a complaint of discrimination was filed against James Lewis for violations of Title VII of the 1964 Civil Rights Act. James Lewis was notified of this complaint and stated that he would note the filing in the case record, which the EEOC has refused to release after repeated requests.

On March 7, 2019 and in retaliation for the complaint of discrimination filed by complainant, James Lewis denied complainant a requested hearing under 29 C.F.R. § 1614.109 and issued a ruling that the actions of agency official asking a black candidate to remove his name from consideration twice and telling this black candidate that he was not the "right fit" did not in his opinion constitute discrimination. James Lewis for retaliatory and discriminatory reasons with malice and forethought abused his position and assigned duties with the EEOC to engage in blatant discriminatory and retaliatory practices against a black complainant before the EEOC;  and, James Lewis failed and refused to afford complainant a non-discriminatory right to statutory hearing process established under the law.

Additionally, EEOC officials errored by permitting James Lewis to handle this complaint.  EEOC should have removed James Lewis from deciding a matter in which he was charged as an official who committed discrimination in violation of Title VII of the Civil Rights Act of 1964.

Finally, the complainant's complaint of discrimination filed against James Lewis on June 20, 2018, June 27, 2018, and May 1, 2019, was not processed, investigated or assigned a case number by the EEOC as required under Title VII of the Civil Rights Act of 1964 as amended.

For the aforementioned reasons this matter should be remanded back to the EEOC and complainant should receive restitution for the blatant and malicious actions of both the agency and James Lewis who

failed to carry out his assigned responsibilities consistent with the law, governing statute, and EEOC rules.

*Antonio Carraway*

Antonio Carraway
Complainant

Amended Complaint Supplement – Antonio Carraway, Complainant
HUD-00112-2014

March 7, 2017

TO:           Steven D. Smith, Division Director
              Office of Departmental Equal Employment Opportunity
              Equal Employment Opportunity Division
              U.S. Department of Housing and Urban Development
              451 7th Street, SW – Suite 2106
              Washington, D.C. 20410

FROM:         Antonio Carraway
              320 23rd Street South # 1123
              Arlington, VA 22202

RE:           FORMAL Complaint of Discrimination - **AMENDED**

_____

On April 29, 2015, I filed a Formal EEO complaint of discrimination with
Department of Housing and Urban Development, Office of Departmental Equal
Employment Opportunity (ODEEO) for discriminatory hiring practices that
included applications for

Positions:

1.  Job Title: Senior Operational Risk Analyst – On or about August 8, 2014
Department: Department Of Housing And Urban Development
Agency: Government National Mortgage Association (Ginnie Mae)
Job Announcement Number: 14-HUD-586P.

2.  Job Title: Account Executive (Mortgage Backed Securities) –
Date of Application June 10,2014
Department: Department Of Housing And Urban Development
Agency: Government National Mortgage Association (Ginnie Mae)
Job Announcement Number: 14-HUD-289P

1

March 7, 2017

Amended Complaint Supplement – Antonio Carraway, Complainant
HUD-00112-2014

<u>ADDITIONAL CLAIMS/EXAMPLES OF DISCRIMINTION AND REPRISAL</u>

<u>Reprisal and Continued Discriminatory Hiring Practices</u>

Job Title: Asset Management Division Director, Denver Field Office
Announcement Number: 17-HUD-86-P
Agency: Assistant Secretary of Housing-Federal Housing Commissioner
Department: Department of Housing and Urban Development

Responsible Agency:   Assistant Secretary of Housing-Federal Housing
Commissioner

Responsible Department: Department of Housing and Urban Development

Responsible Official: Julian Castro, Secretary

On or about November 16, 2016, I made application via USA Jobs for Agency
position of Asset Management Division Director, Denver Field Office under
announcement number 17-HUD-86-P and received notification that I was fully
met eligibility requirements and was again referred amongst the best qualified
for further consideration on or about November 24, 2016. The Department of
Housing and Urban Development, thru its agents and assigns conspired to
continue acts of retaliation and discrimination against me for my previous
complaint activity (HUD-00112-2014) by denying me an equal opportunity to
compete and receive consideration for employment opportunities in violation of:

- o Title VII of the Civil Rights Act of 1964 (Title VII), which prohibits
  employment discrimination based on race, color, religion, sex, or
  national origin;
- o the Age Discrimination in Employment Act of 1967 (ADEA), which
  protects individuals who are 40 years of age or older;
- o Title I and Title V of the Americans with Disabilities Act of 1990 ( ADA),
  which prohibit employment discrimination against qualified individuals
  with disabilities in the private sector, and in state and local governments;
- o Sections 501 and 505 of the Rehabilitation Act of 1973, which prohibit
  discrimination against qualified individuals with disabilities who work in
  the federal government; and,
- o the Civil Rights Act of 1991, which, among other things, provides
  monetary damages in cases of intentional employment discrimination.

2

March 7, 2017

Amended Complaint Supplement – Antonio Carraway, Complainant
HUD-00112-2014

These illegal retaliatory and discriminatory acts by these management officials were directed against me for my previous complaints activities and because of my race, age, sex, and my disabled veterans status.

The Agency's actions has adversely impacted me and caused harm by denying me equal opportunity to promotional opportunities, intentional denial of access to work experience that would complement and further qualify me for additional opportunities, economic discrimination thru lower salary, long term impact thru lessened retirement benefits, and many other economic benefits that are derived thru a higher salary. The Agency's actions has further harmed my by denying me additional professional experience that would qualify me for similar positions and advancement opportunities. The deliberate actions of the Agency thru its agents and assigns, has continued its illegal acts and practices of reprisal and discriminatory hiring practices against me in an attempt to deny me as a highly qualified individual promotional opportunities with the intent to discriminate and retaliate for my protected activities.

As an individual of a protected class, I came to the Agency with extensive housing, management, real estate finance, and portfolio management experience, but, because of my race, age, sex, disability status, and or my efforts of opposing unlawful activities, with the filing of a complaint of discrimination and reprisal,  the subsequent investigation by HUD's EEO investigator (**Agency Case No.:  HUD-00112-2014,** the Department has continued a practice of  discriminating against me in hiring practices throughout my tenure of employment with the Agency.

I am requesting legal fees, restitution, retroactive grade and adjustments to pay, performance awards, retirement contributions with interest, and all additional adjustments, including monetary compensation for the economic opportunities lost due to these illegal discriminatory practices. Additionally, I will seek all additional legal remedies afforded victims subjected to similar illegal act of discrimination and retaliation.

Attachments:

(1) Amended Complaint Supplement
(2) HUD Announcement Number 17-HUD-86-P Asset Management Division Director;
(3) Eligibility Notification 17-HUD-86-P Asset Management Division Director;
(4) Non-Selection Notification 17-HUD-86-P Asset Management Division Director
(5) EEOC Hearing Request for Antonio Carraway v. Julian Castro

3

March 7, 2017

Amended Complaint Supplement – Antonio Carraway, Complainant
HUD-00112-2014

I declare that the above is true and correct and that I delivered a copy of this amended complaint and attachments to:

Steven D. Smith, Division Director
Office of Departmental Equal Employment Opportunity
Equal Employment Opportunity Division
U.S. Department of Housing and Urban Development
451 7th Street, SW – Suite 2106
Washington, D.C. 20410

District Director
U.S. Equal Employment Opportunity Commission
Hearings Unit – Washington Field Office
131 M Street, NE
Fourth Floor, Suite 4NWO2F
Washington, DC 20507-0100

*Antonio Carraway*                                            03/13/2017
Antonio Carraway                                               Date
320 23rd Street South
Arlington, VA 22202

4

March 7, 2017